UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SORRELL HOMES, INC.,

    Plaintiff,

v.

DOUGLASS R. STILES CO. LLC AND
DOUGLASS R. STILES,

    Defendants.

Civil Action No. 04-10260 WGY

MAGISTRATE JUDGE _____

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 2/6/04

## COMPLAINT

### Introduction.

1. This is an architectural copyright infringement action in which plaintiff, Sorrell Homes, Inc. ("Sorrell Homes"), is seeking damages and injunctive relief arising out of the improper and unauthorized copying of protected architectural work by defendants Douglass R. Stiles Co. LLC ("Stiles LLC") and Douglass R. Stiles. Defendants used copyrighted architectural drawings prepared by Sorrell Homes to construct a house in Wellesley, Massachusetts.

2. The infringement in this case is particularly egregious because defendants knowingly copied and used the copyrighted architectural work in question that previously had been made available to Mr. Stiles in 1998 for use pursuant to a written single-use license, and did so only after Mr. Stiles attempted to license a Sorrell Homes design for a second project and the parties were not able to reach agreement on the financial terms of a license.

### Jurisdiction and Venue.

3. This Court has jurisdiction over the subject matter of this copyright action pursuant to 28 U.S.C. § 1338(a).

4. This Court has personal jurisdiction over the defendants because each of the defendants resides and transacts their affairs in this District.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(a) and (b) because each of the defendants resides and transacts their affairs in this District.

**The Parties.**

6. Plaintiff Sorrell Homes, Inc. is a Massachusetts corporation with a principal place of business in Wellesley, Massachusetts. Sorrell Homes is in the business of designing quality residential homes.

7. Defendant Douglass R. Stiles Co. LLC upon information and belief is a Massachusetts limited liability company duly registered with the Massachusetts Secretary of the Commonwealth with its registered office at 4 Ridgeway Road (formerly known as 2 Ridgeway Road), Wellesley, Massachusetts. Upon information and belief, Stiles LLC is the owner of real property and improvements located at 4 Ridgeway Road, Wellesley, Massachusetts.

8. Defendant Douglass R. Stiles ("Mr. Stiles") is an individual who upon information and belief resides at 66 Draper Road, Wayland, Massachusetts. Upon information and belief, Mr. Stiles is an architect duly licensed by the Commonwealth of Massachusetts Board of Registration of Architects.

**Factual Allegations.**

9. Sorrell Homes is in the business of designing quality residential homes, additions, and renovations and licensing its copyrighted designs. Typically, Sorrell Homes licenses the one-time right to use its copyrighted designs in exchange for an agreed-upon fee. The one-time nature of the license to use its house designs is critical to the financial success of Sorrell Homes' business because a substantial amount of time is invested in each design and it is only with the

repeated licensing of the designs or elements of the design that the design process can be profitable. Sorrell Homes therefore always retains ownership of all rights in the designs and explicitly states in its written licensing agreements that the license is for one project only.

10. The Sorrell Homes design at issue in this lawsuit is a New England Gambrel design that was first licensed for use in 1993 in connection with a home constructed at Charles River Court, Wellesley, Massachusetts. The 1993 Charles River Court design drawings were the original creation of Timothy Sorrell, the President of Sorrell Homes, and include designations that the architectural work was designed by Timothy Sorrell and copyrighted by Sorrell Homes.

11. The New England Gambrel design that was first licensed for use in connection with construction of the Charles River Court home next was licensed for use in 1994 in connection with a home constructed at Hewins Farm, Wellesley, Massachusetts, and the design drawings for that project again include designations that the architectural work was designed by Timothy Sorrell and copyrighted by Sorrell Homes

12. In early 1998, defendant Douglass Stiles approached Timothy Sorrell and expressed an interest in licensing the New England Gambrel design from Sorrell Homes in connection with the construction of a home at 71 Claypit Hill Road, Wayland, Massachusetts (the "Wayland Project").

13. Mr. Stiles, in his capacity as Assistant Clerk of Longfellow Construction Corp., entered into a written agreement with Sorrell Homes dated February 24, 1998 (the "February 1998 Agreement"), that provided for the one-time use of the New England Gambrel design in connection with the Wayland Project.

14. The February 1998 Agreement specified that the compensation for the one-time license to use the Sorrell Homes New England Gambrel design would be a Design Use Fee of

one thousand dollars ($1,000.00), plus hourly fees for additional design and consulting services. The Sorrell Homes consulting time for the Wayland Project was approximately 78 hours.

15. The February 1998 Agreement expressly provides that Sorrell Homes shall retain sole ownership of the New England Gambrel plans, including all copyrights, and that any additional use of the plans will not be permitted unless specifically agreed to in writing by Sorrell Homes.

16. In connection with the licensing of the New England Gambrel design for the Wayland Project, Sorrell Homes modified the earlier New England Gambrel design drawings to include a three-car garage and to incorporate a number of relatively minor changes to the plans. The 1998 Wayland Project design drawings include designations that the architectural work was designed by Timothy Sorrell and copyrighted by Sorrell Homes.

17. In or about April of 1998, Mr. Stiles approached Mr. Sorrell about again using a Sorrell Homes design for another project.

18. In or about April of 1998, Mr. Stiles and Mr. Sorrell met at Mr. Sorrell's office to discuss a new license for use of a Sorrell Homes design, but were not able to reach agreement on the terms of a license that would allow Mr. Stiles to use a Sorrell Homes design for another project. Because he felt the fee paid for the Wayland Project design was well below the value of the design, Mr. Sorrell indicated to Mr. Stiles that he was not interested in licensing a design to Mr. Stiles on the same terms as agreed to for the Wayland Project, but instead would insist on a license fee that would be a percentage of the sale price of the completed home. That arrangement was not acceptable to Mr. Stiles.

19. At some time on or after December 21, 2001, defendants began constructing a residential home at 4 Ridgeway Road (formerly known as 2 Ridgeway Road) in Wellesley,

Massachusetts (the "Infringing House") that was an obvious copy of the New England Gambrel design copyrighted by Sorrell Homes.

20. In connection with construction of the Infringing House, Mr. Stiles submitted a building permit application to the Town of Wellesley in which he represented that the 2 Ridgeway Road property in question (subsequently was renumbered as 4 Ridgeway Road) was owned by Douglass R. Stiles Co. LLC and that Douglass R. Stiles was the builder of the Infringing House.

21. On information and belief, in or about December 2001, Mr. Stiles requested that architect Sean Stewart provide architectural services in connection with the permitting and construction of the Infringing House. Mr. Stiles provided Mr. Stewart with a copy of the Wayland Project drawings prepared by Sorrell Homes to be used as the basis for the Infringing House.

22. On information and belief, at the time Mr. Stiles gave the Wayland Project drawings to Mr. Stewart, Mr. Stewart asked Mr. Stiles if Mr. Stiles had permission to reuse the drawings and Mr. Stiles responded that he did have permission to reuse the drawings.

23. Sorrell Homes never authorized Mr. Stiles, or any entity with which he is or was associated, to use the Wayland Project design drawings other than for the Wayland Project.

24. Sorrell Homes never authorized any person or entity to use any of its copyrighted architectural designs, including the Wayland Project design, in connection with construction of the Infringing House.

25. In or about December 2001, Sean T. Stewart Architects, Inc. entered into a written agreement with Douglass R. Stiles Co. LLC in connection with the design and construction of the Infringing House. That agreement included a statement confirming Mr.

Stewart's understanding that Mr. Stiles had purchased the Wayland Project drawings and that Mr. Stiles had authorized Mr. Stewart to use the Wayland Project drawings as the basis for the Infringing House.

26. On information and belief, Mr. Stewart arranged for the Wayland Project drawings, which were provided to him by Mr. Stiles in paper form, to be scanned and converted to CADD drawings so that Mr. Stewart would be able to modify the drawings on his computer to incorporate changes requested by Mr. Stiles and to produce a new set of drawings appropriate for issuance of a building permit for the construction of the Infringing House.

27. On information and belief, after the Wayland Project drawings were scanned, Mr. Stewart, at the direction of Mr. Stiles, used the scanned drawings to create plans to be used for the Infringing House.

28. Mr. Stewart, at the direction of Mr. Stiles, created design drawings for the Infringing House that were filed with Town of Wellesley Building Department.

29. Although Mr. Stewart modified a number of details reflected on the Wayland Project drawings in creating the design drawings for the Infringing House, the resulting modified drawings he created are substantially similar to the Wayland Project drawings and the overall design of the Infringing House is a clear and obvious copy of the design created by Sorrell Homes and reflected in the Wayland Project drawings.

30. In or about December of 2002, Mr. Sorrell learned that the Infringing House was being constructed and saw that it was an obvious copy of the New England Gambrel design copyrighted by Sorrell Homes.

31. After discovering the unauthorized use of the copyrighted New England Gambrel design in connection with construction of the Infringing House, Mr. Sorrell sent letters to both

Mr. Stiles and Mr. Stewart notifying them of the copyright infringement and inviting both to meet with him to resolve the matter.

32. Upon learning that Sorrell Homes had not given Mr. Stiles permission to use the Wayland Project drawings for the Infringing House, Mr. Stewart apologized in writing to Mr. Sorrell for his use of the drawings and explained that he had relied upon Mr. Stiles' representation that he had permission to reuse the drawings.

33. Mr. Stewart entered into an agreement with Sorrell Homes pursuant to which he agreed to delete from his computer all materials relating to the design of the Infringing House, deliver to Mr. Sorrell all documents in his possession relating to the Infringing House, and agreed that Sorrell Homes is the sole owner of the design he used in developing plans for the Infringing House.

34. Mr. Stewart also agreed to arrange for the Wellesley Building Department to remove his name, his firm's name, and his copyright notices from the plans on file relating to the Infringing House and to permit Sorrell Homes to add a notice to the plans indicating that Sorrell Homes owns the copyright to the design reflected in the plans.

35. On information and belief, on March 24, 2003, Mr. Stewart met with Mr. Edgar Phaneuf of the Wellesley Building Department regarding the drawings filed in connection with the construction of the Infringing House and Mr. Phanouf allowed Mr. Stewart to remove his firm's name (he cut the upper right hand corner off each of the sheets) and to obliterate his copyright mark (via a black marker) from all of the drawings he prepared in connection with the construction of the Infringing House.

36. Mr. Sorrell learned in 2003 that the Infringing House had been listed for sale at a list price of $2,595,000.00.

37. On several occasions during 2003, Mr. Sorrell, through counsel, notified Mr. Stiles and his counsel in writing that construction of the Infringing House constituted an infringement of Sorrell Homes' architectural works copyrights and demanded that further acts of copyright infringement, including further construction and any efforts to market or sell the Infringing House, cease and desist.

38. In October 2003, Mr. Sorrell learned that, notwithstanding his demand that defendants cease any further efforts to market or sell the Infringing House, the Infringing House again had been listed for sale, this time at a list price of $2,295,000.00. That listing was withdrawn in late October.

39. In November 2003, Mr. Sorrell learned that Mr. Stiles' counsel had urged Caroline Stiles of Coldwell Banker Residential Brokerage to continue to market the Infringing House. Mr. Sorrell then had his counsel put Ms. Stiles on notice that Sorrell Homes had not authorized the marketing or sale of the Infringing House.

40. Mr. Sorrell made a number of attempts to resolve the copyright infringement issue with Mr. Stiles during the course of 2003. The resolution efforts have been fruitless and, despite its preference to resolve the matter amicably as it did with Mr. Stewart, Sorrell Homes has been unable to do so and believes that this litigation is necessary to protect its interests, particularly in light of defendants' apparent refusal to comply with Sorrell Homes' demand that they cease efforts to sell or market the Infringing House.

41. In March, 2003, Timothy Sorrell, on behalf of Sorrell Homes, submitted applications to the Register of Copyrights for Certificates of Registration for the three Sorrell Homes architectural works used in connection with the Charles River Court project, the Hewins Farm project, and the Wayland Project, with the Charles River Court design constituting the

primary architectural work and the Hewins Farm design and the Wayland Project design constituting derivative architectural works.

42. On March 28, 2003, the U.S. Copyright Office issued Certificates of Registration, which are numbered VA 1-184-349, VA 1-184-348, and VA 1-184-347 (the "Certificates of Registration"), for the three Sorrell Homes architectural works used in connection Charles River Court project, the Hewins Farm project, and the Wayland Project.

## COUNT I
### (Copyright Infringement Pursuant to 17 U.S.C. § 501)

43. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 42 of this Complaint.

44. Sorrell Homes owns valid copyrights in the New England Gambrel architectural works that are the subjects of the Certificates of Registration.

45. Defendants copied, or instructed their architect to copy, the Wayland Project drawings without the authorization of Sorrell Homes.

46. Defendants had access to the Wayland Project drawings and the opportunity to copy the drawings.

47. The design drawings used by defendants in connection with the construction of the Infringing House constitute unauthorized copies of the protected architectural work reflected in the Wayland Project drawings for which Sorrell Homes owns a valid copyright.

48. The Infringing House constitutes an unauthorized copy made by defendants of the protected architectural work reflected in the Wayland Project drawings for which Sorrell Homes owns a valid copyright.

49. Defendants' conduct in infringing on Sorrell Homes' valid copyrights was knowing and willful.

50. As a result of defendants' acts of infringement, Sorrell Homes has been irreparably harmed and is entitled pursuant to 17 U.S.C. § 502 to injunctive relief enjoining further acts of infringement, including continued construction on the Infringing House and the marketing or selling of the Infringing House.

51. As a result of defendants' acts of infringement, Sorrell Homes is entitled pursuant to 17 U.S.C. § 503 to an order that the unauthorized copies made by defendants of the protected architectural work reflected in the Wayland Project drawings for which Sorrell Homes owns a valid copyright be destroyed or otherwise disposed of.

52. As a result of defendants' acts of infringement, Sorrell Homes is entitled pursuant to 17 U.S.C. § 504 to recover its actual damages resulting from defendants' acts of infringement and any profits earned by defendants as a result of the acts of infringement.

**Prayer for Relief.**

WHEREFORE, Sorrel Homes requests that the Court:

1. Enjoin defendants preliminarily and permanently from continuing construction on the Infringing House and from marketing or selling the Infringing House;

2. Enjoin defendants preliminarily and permanently from further acts of infringement of Sorrell Homes' copyrighted architectural works;

3. Enjoin defendants preliminarily and permanently from disbursing any proceeds from the sale of the Infringing House without Court approval, and Order defendants to deposit all proceeds from the sale of the Infringing House that the Court has not authorized to be disbursed with the Court pending the outcome of this matter;

4. Order that unauthorized copies made by defendants of the protected architectural work for which Sorrell Homes owns a valid copyright be destroyed or otherwise disposed of;

5. Order defendants to account for all revenues, proceeds, profits, and any other thing of value realized from (a) the unauthorized copying of Sorrell Homes' copyrighted architectural works, or (b) from the use, sale, or other disposition of unauthorized copies made from Sorrell Homes' copyrighted architectural works;

6. Award to Sorrell Homes its actual damages and profits realized by defendants attributable to their acts of infringement in amounts to be determined;

7. Award to Sorrell Homes any statutory damages to which it may be entitled;

8. Award to Sorrell Homes its costs, attorneys' fees, and prejudgment interest; and

9. Award such other relief as is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

SORRELL HOMES, INC.

By its attorneys,

Joseph F. Hardcastle (BBO# 559479)
Cintra S. Shober (BBO # 560120)
HARDCASTLE & SHOBER
141 Tremont Street, 3rd Floor
Boston, MA 02111
(617) 423-9990

February 6, 2004

11