UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SORRELL HOMES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOUGLASS R. STILES CO. LLC AND DOUGLASS R. STILES, <br><br> Defendants. | Civil Action No. <br> 04 10260 WGY |

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Fed. R. Civ. P. 65, plaintiff Sorrell Homes, Inc. ("Sorrell Homes") hereby moves that this Court enter a preliminary injunction enjoining the defendants from continuing construction on a residence being built by the defendants that is an unauthorized copy of architectural work copyrighted by Sorrell Homes (the "Infringing House") and from marketing or selling the Infringing House unless and until the parties agree on the terms of a license authorizing the use of Sorrell Homes' copyrighted architectural work for the project. Sorrell Homes also requests, as alternative relief in the event sale of the Infringing House is not enjoined, that the Court (i) enjoin defendants from disbursing any proceeds from the sale of the Infringing House without Court approval, and (ii) require defendants to deposit with the Court all remaining proceeds from the sale of the Infringing House pending the outcome of this matter. In support of this motion, Sorrell Homes relies upon the accompanying memorandum of law and the accompanying affidavit of Timothy A. Sorrell.

As set forth in more detail in the accompanying memorandum, the evidence demonstrates that defendants knowingly and intentionally copied architectural work design drawings copyrighted by Sorrell Homes without permission. The infringement in this case is particularly

egregious because defendants knowingly copied and used the copyrighted architectural work in question that previously had been made available to Mr. Stiles in 1998 for use pursuant to a written single-use license, and did so only after Mr. Stiles attempted to license a Sorrell Homes design for a second project and the parties were not able to reach agreement on the financial terms of a license. Sorrell Homes therefore has demonstrated a likelihood of success on the merits of its copyright infringement claim, which requires Sorrell Homes to establish (1) ownership of a valid copyright, and (2) unauthorized copying of constituent elements of the work that are original.

Further, because in the context of a copyright infringement claim irreparable harm is presumed and an injunction precluding further acts of infringement deemed to be in the public interest if likelihood of success on the merits can be demonstrated, Sorrell Homes meets its burden for obtaining injunctive relief simply through its ability to establish a strong likelihood of success on the merits of its claims.

### Request for Hearing

Plaintiff requests a hearing on this application for a preliminary injunction.

SORRELL HOMES, INC.

By its attorneys,

Joseph P. Hardcastle (BBO# 559479)
Cintra S. Shober (BBO # 560120)
HARDCASTLE & SHOBER
141 Tremont Street, 3rd Floor
Boston, MA 02111
(617) 423-9990

February 6, 2004

2