UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SORRELL HOMES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOUGLASS R. STILES CO. LLC AND DOUGLASS R. STILES, <br><br> Defendants. | Civil Action <br> No. 04-CV10260 WGY |

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Pursuant to Fed. R. Civ. P. 55, plaintiff Sorrell Homes, Inc. ("Sorrell Homes") hereby moves that this Court enter Default Judgment in the form accompanying this motion. As grounds for this motion, Sorrell Homes relies on the accompanying affidavits of Timothy A. Sorrell and Joseph F. Hardcastle and further states:

1.  On February 6, 2004, Sorrell Homes commenced this action asserting a single count of copyright infringement pursuant to 17 U.S.C. § 501. As set forth in the Complaint, and in the accompanying affidavits, the infringement at issue involves defendants' improper copying of copyrighted architectural design plans and the construction of a house located at 4 Ridgeway Road, Wellesley, Massachusetts (the "Infringing House") based on the copyrighted design. *See* Sorrell Aff. at ¶¶ 6-18.[1]

---

[1] Copies of all relevant design drawings, including the copyrighted Sorrell Homes drawings and the drawings used by defendants in connection with construction of the Infringing House were appended as exhibits to the Affidavit of Timothy A. Sorrell filed with the Court on February 6, 2004 in connection with plaintiff's Motion for Preliminary Injunction that was withdrawn before it was acted upon. Due to their size, and the fact that liability is no longer at issue, the drawings have not been included with the affidavits accompanying this motion. To the extent that the Court believes review of the drawings is necessary in connection with the default Judgment, Sorrell Homes relies on the earlier affidavit already on file with the Court in further support of this motion.

2. In its prayer for relief in the Complaint, Sorrell Homes sought, *inter alia*, preliminary and permanent injunctive relief enjoining further acts of infringement, including the marketing or sale of the Infringing House; destruction of unauthorized copies of the protected architectural work; and damages, including any profits realized by defendants attributable to their acts of infringement.

3. Defendants have failed to plead or otherwise defend this action and a Notice of Default was issued by the Court in this action on or about January 18, 2005.

4. Both before and after the filing of the Complaint in this action, Sorrell Homes attempted to negotiate a license for use of the copyrighted work to no avail. *See* Hardcastle Aff. at ¶¶ 3-7.

5. Federal copyright law, codified at 17 U.S.C. §1, *et seq.* (the "Copyright Act"), protects owners of certain works of authorship from unauthorized copying or reproduction of protected works and from distribution of unauthorized copies. Copyright protection extends to eight categories of authorship, the last of which, architectural works, was added by the Architectural Works Copyright Protection Act of 1990. 17 U.S.C. §102(a). The Copyright Act defines "architectural work" as follows:

> An "architectural work" is the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings. The work includes the overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features.

17 U.S.C. § 101. By broadly defining architectural work to include not only plans, but also buildings constructed using the design, the Copyright Act now makes clear that the ownership right in a design extends to a building constructed using the protected design. *See, e.g., The Yankee Candle Co., Inc.* v. *New England Candle Co., Inc.*, 1997 U.S. Dist. LEXIS 23099, *12

(D. Mass. 1997) ("[i]t is plain from this definition that copyright protection extends to architectural blueprints and the building embodying those blueprints").

6. The Copyright Act provides the owner of a copyright certain exclusive rights, including the right to distribute copies of the copyrighted work "by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 106 (c). One who violates any of the exclusive rights of a copyright owner is an "infringer" within the meaning of the Copyright Act. 17 U.S.C. § 501.

7. 17 U.S.C. § 502 provides for temporary and permanent injunctions as appropriate remedies to prevent or restrain infringement of a copyright.

8. 17 U.S.C. § 503 provides for the destruction of copies of protected copyrighted works made in violation of the copyright owner's exclusive rights.

9. 17 U.S.C. § 504 provides for recovery from an infringer of actual damages plus any additional profits of the infringer attributable to the infringement.

10. Because the Infringing House has not been sold by defendants, it is not possible to award profit damages at this time and it would not be appropriate to allow defendants to sell the Infringing House for a profit after Judgment is entered in this action and thereby reap the benefit of their infringing conduct without responsibility.

11. Modification of the Infringing House would not remedy the infringement because the copyrighted design used to construct the house is not limited to the basic outside appearance of the house, but includes unique and carefully designed interior floor plans and details. Absent a complete gutting of the house, it would be impossible to modify the house constructed using the copyrighted plans to eliminate the copying of the design. *See* Sorrell Aff. at ¶ 15.

12. Although Sorrell Homes believes that an Order requiring the destruction of the Infringing House would further the objectives of the copyright laws in preventing an infringing party from having the use of an improperly copied work, it also recognizes that it would be economically wasteful to order the destruction of a house listed for sale at over $2 million dollars.

13. Sorrell Homes therefore requests that Judgment be entered permanently enjoining defendants from using or conveying an interest in the Infringing House absent written authorization to do so from Sorrell Homes. While protecting Sorrell Homes' interest in preventing unauthorized use or distribution of the copy of its copyrighted work, that remedy also will leave open, and hopefully encourage, the possibility of a future resolution that will avoid economic waste.

14. Sorrell Homes also requests that defendants be ordered to deliver to Sorrell Homes all copies in their possession of all design drawings copied from Sorrell Homes' designs, that Sorrell Homes be allowed to record the Judgment to ensure that any person in a position to acquire an interest in the Infringing House is on notice of the injunction, and that Sorrell Homes recover its costs.

15. If the Court declines for some reason to order the requested injunctive relief, Sorrell Homes requests, in the alternative, that the Court order the destruction of the Infringing House pursuant to 17 U.S.C. § 503.

5

WHEREFORE, Sorrell Homes respectfully requests that Default Judgment be issued in the form accompanying this motion.

                                                   SORRELL HOMES, INC.

                                                   By its attorneys,

                                                 /s/ Joseph F. Hardcastle
                                                 Joseph F. Hardcastle (BBO# 559479)
                                                 Cintra S. Shober (BBO # 560120)
                                                 HARDCASTLE & SHOBER
                                                 141 Tremont Street, 3rd Floor
                                                 Boston, MA  02111
                                                 (617) 423-9990
                                                 jfh@hardcastleshober.com

February 17, 2005