UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SORRELL HOMES, INC.,<br><br>         Plaintiff,<br><br> v.<br><br>DOUGLASS R. STILES CO. LLC, AND<br>DOUGLASS R. STILES,<br><br>         Defendants. | Civil Action<br>No. 04-CV10260 WGY |

## AFFIDAVIT OF TIMOTHY A. SORRELL

I, Timothy A. Sorrell, hereby depose and state as follows:

1. I am an individual who resides at 3 Winding River Circle, Wellesley, Massachusetts. I am personally familiar with all matters addressed in this affidavit.

2. I am the President of Sorrell Homes, Inc. ("Sorrell Homes"), a Massachusetts corporation and the plaintiff in this lawsuit. Sorrell Homes is in the business of designing quality residential homes, additions, and renovations and licensing its copyrighted designs.

3. Typically, Sorrell Homes licenses the one-time right to use its copyrighted designs in exchange for an agreed-upon fee. The one-time nature of the license to use our house designs is critical to the financial success of our business. We therefore always retain ownership of all rights in the designs and explicitly state in our written licensing agreements that the license is for one project only.

4. The Sorrell Homes design at issue in this lawsuit is a New England Gambrel design that was first licensed for use in 1993 in connection with a home constructed at Charles River Court, Wellesley, Massachusetts (the "New England Gambrel Design"). The New England Gambrel Design is my original creation that I spent many hours developing. The 1993

Charles River Court design drawings include designations that the architectural work was designed by me and copyrighted by Sorrell Homes.

5. The New England Gambrel design that was first licensed for use in connection with construction of the Charles River Court home next was licensed for use in 1994 in connection with a home constructed at Hewins Farm, Wellesley, Massachusetts. The 1994 Hewins Farm design drawings include designations that the architectural work was designed by me and copyrighted by Sorrell Homes.

6. In or around early 1998, defendant Douglass Stiles approached me and expressed an interest in licensing the New England Gambrel Design in connection with the construction of a home at 71 Claypit Hill Road, Wayland, Massachusetts (the "Wayland Project"). Subsequently, Mr. Stiles, in his capacity as Assistant Clerk of Longfellow Construction Corp., entered into a written agreement dated February 24, 1998 (the "February 1998 Agreement"), that provided for the one-time use of the New England Gambrel Design in connection with the Wayland Project. A true and accurate copy of the February 1998 Agreement is attached as **Exhibit A** to this affidavit.

7. The February 1998 Agreement specified that the compensation for the one-time license to use the Sorrell Homes New England Gambrel Design would be a Design Use Fee, plus hourly fees for additional design and consulting services. The Sorrell Homes consulting time for the Wayland Project was approximately 78 hours.

8. The February 1998 Agreement expressly provides that Sorrell Homes shall retain sole ownership of the New England Gambrel Design plans, including all copyrights, and that any additional use of the plans will not be permitted unless specifically agreed to in writing by Sorrell Homes.

9. The 1998 Wayland Project design drawings provided to Mr. Stiles include designations that the architectural work was designed by me and copyrighted by Sorrell Homes.

10. In or about April of 1998, Mr. Stiles approached me about again using a Sorrell Homes design for another project. Because I felt the fee he paid for the Wayland Project design was well below the value of the design, I was not interested in licensing a design on the same terms as agreed to for the Wayland Project, but instead insisted on different terms whereby my fee would be a percentage of the sale price of the completed home. Mr. Stiles and I met at my office to discuss terms of a new license, but were not able to reach agreement on the terms of a license that would allow Mr. Stiles to use a Sorrell Homes design for another project.

11. In or about December of 2002, I became aware that a home was being constructed on Ridgeway Road in Wellesley, Massachusetts (the "Ridgeway Road Project") that was an obvious copy of the New England Gambrel Design copyrighted by Sorrell Homes. Because I had not licensed the use of the New England Gambrel Design for the Ridgeway Road Project, I went to the Town of Wellesley Building Department to investigate.

12. I obtained a copy of the Application for Building Permit for the Ridgeway Road Project from the Town of Wellesley. The permit application, which was dated December 21, 2001, indicates that the 2 Ridgeway Road property in question (the project site subsequently was renumbered as 4 Ridgeway Road) is owned by Douglass R. Stiles Co. LLC and that Douglass R. Stiles is the builder. The permit application also lists Douglass R. Stiles as the architect for the project and names Sean Stewart as a contact person. A true and accurate copy of the December 21, 2001 Application for Building Permit is attached as **Exhibit B** to this affidavit.

13. In addition, I obtained a copy of the Building Permit for the Ridgeway Road Project from the Town of Wellesley. The Building Permit is dated January 2, 2002, numbered

33694, references the renumbered 4 Ridgeway Road address for the project, and indicates that the property is owned by Douglass R. Stiles Co., LLC and that Douglass R. Stiles is the builder and architect for the project. A true and accurate copy of the January 2, 2002 Building Permit is attached as **Exhibit C** to this affidavit.

14. I also obtained copies of the relevant design drawings filed with the Town of Wellesley for the Ridgeway Road Project. The design drawings for the Ridgeway Road Project that I obtained (the "Ridgeway Drawings") are identical to the copyrighted New England Gambrel Design drawings except for a few, insignificant details. In fact, the Ridgeway Drawings have markings and notations identical in content and location to those on the Wayland Project drawings, indicating that my design had not simply been recreated, but that the drawings themselves had been copied and my name removed. The Ridgeway Drawings filed with the Town of Wellesley indicated that the architect for the project is Sean T. Stewart Architects, Inc. and indicated that Sean T. Stewart Architects, Inc. copyrighted the architectural work.

15. The copyrighted New England Gambrel Design drawings are not limited to the outside appearance of the home, but also include unique interior floor plans and details that I designed. The Ridgeway Drawings filed with the Town of Wellesley include substantially all of the unique interior details I designed. Absent a complete gutting of the house, it would be impossible to modify a house constructed using my plans to eliminate the copying of my copyrighted design.

16. After discovering the unauthorized use of the copyrighted New England Gambrel Design for the Ridgeway Road Project, I sent letters to both Mr. Stiles and Sean T. Stewart notifying them of the copyright infringement and inviting both to meet with me to resolve the

4

matter. True and accurate copies of letters dated January 17, 2003 that I sent to Mr. Stiles and Mr. Stewart are attached as **Exhibit D** to this affidavit.

17. I received a letter dated January 29, 2003 from Mr. Stewart acknowledging that in preparing drawings for the Ridgeway Road Project he had in fact used my drawings for the Wayland Project. Mr. Stewart subsequently informed me that he had taken my Wayland Project drawings to Boston Computer Scanning in Tewksbury, Massachusetts where the drawings were scanned and converted to electronic CADD files so that he could modify them on his computer. A true and accurate copy of the letter dated January 29, 2003 that I received from Mr. Stewart is attached as **Exhibit E** to this affidavit.

18. As indicated in his letter, Mr. Stewart claimed that in using my copyrighted work he relied on Mr. Stiles' representation that Mr. Stiles had permission to reuse the Wayland Project drawings. Mr. Stewart provided me with a copy of his contract with Mr. Stiles, which includes a statement confirming Mr. Stewart's understanding that Mr. Stiles purchased the drawings he provided to Mr. Stewart and provides that Mr. Stewart would have my drawings scanned to CADD files for use on the Ridgeway Road Project. I never gave Mr. Stiles permission to reuse the Wayland Project drawings. A true and accurate copy of the contract dated December 12, 2001 that Mr. Stewart provided to me is attached as **Exhibit F** to this affidavit.

19. Subsequently, Mr. Stewart and I entered into a written agreement on behalf of our respective businesses pursuant to which I agreed to release claims I had against Mr. Stewart in connection with the Ridgeway Road copyright infringement and Mr. Stewart acknowledged his unauthorized use of Sorrell Homes' copyrighted designs in connection with the Ridgeway Road project and agreed to remove his name and copyright notice from the design plans for the

Ridgeway Road project. A true and accurate copy of agreement dated March 10, 2003 signed by Mr. Stewart is attached as **Exhibit G** to this affidavit.

20. I learned in 2003 that the infringing house at Ridgeway Road had been listed for sale at a list price of $2,595,000.00. A true and accurate copy of the listing sheet I obtained that includes a picture of the infringing house is attached as **Exhibit H** to this affidavit.

21. On several occasions during 2003, I had my counsel notify Mr. Stiles and his counsel in writing that construction of the infringing house on Ridgeway Road constitutes an infringement of Sorrell Homes' architectural works copyrights and demand that further acts of copyright infringement, including further construction and any efforts to market or sell the infringing house, cease and desist.

22. I, through counsel, have made a number of attempts to resolve the copyright infringement issue with Mr. Stiles. Given Mr. Stiles apparent interest in selling the infringing Ridgeway Road house, and my understanding that the house could not be sold until the copyright issue was resolved, I had expected that it would be in everyone's best interest to resolve the issue as quickly as possible so that the house could be sold. The resolution efforts have, however, been fruitless, and I have been disappointed in what appears to be the refusal of Mr. Stiles to grasp the seriousness of his conduct.

23. In October 2003 I learned that, notwithstanding my demand that Mr. Stiles cease any further efforts to market or sell the infringing house, the infringing house at Ridgeway Road again had been listed for sale, this time at a list price of $2,295,000.00. A true and accurate copy of the October 2003 listing sheet I obtained is attached as **Exhibit I** to this affidavit.

24. It is my understanding from reviewing MLS real estate listings and discussions with a contact in the local real estate business that the infringing house has not been sold and no longer is listed for sale.

25. In March, 2003, I submitted applications to the Register of Copyrights for Certificates of Registration for the three Sorrell Homes architectural works used in connection with the Charles River Court project, the Hewins Farm project, and the Wayland Project, with the Charles River Court design constituting the primary architectural work and the Hewins Farm design and the Wayland Project design constituting derivative architectural works.

26. On March 28, 2003, the U.S. Copyright Office issued Certificates of Registration for the three Sorrell Homes architectural works used in connection Charles River Court project, the Hewins Farm project, and the Wayland Project. True and accurate copies of the three Certificates of Registration, which are numbered VA 1-184-349, VA 1-184-348, and VA 1-184-347, attached as **Exhibit J** to this affidavit.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746 THAT THE FOREGOING IS TRUE AND CORRECT. SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 17th DAY OF FEBRUARY, 2005.

/s/ Timothy A. Sorrell
Timothy A. Sorrell