UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SORRELL HOMES, INC.,<br><br>         Plaintiff,<br><br> v.<br><br>DOUGLASS R. STILES CO. LLC, AND<br>DOUGLASS R. STILES,<br><br>         Defendants. | Civil Action<br>No. 04-CV10260 WGY |

**AFFIDAVIT OF JOSEPH F. HARDCASTLE**

I, Joseph F. Hardcastle, state as follows under the pains and penalties of perjury:

1. I am an attorney at the law firm of Hardcastle & Shober, located in Boston, Massachusetts. I am counsel for plaintiff Sorrell Homes, Inc. ("Sorrell Homes") in this action and have personal knowledge of the matters set forth below except where expressly stated otherwise.

2. This action involves defendants' unauthorized infringement of Sorrell Homes' copyrighted architectural work. As set forth in more detail in the accompanying Affidavit of Timothy A. Sorrell, Mr. Stiles, through a legal entity not party to this action previously had licensed a copyrighted architectural house design from Sorrell Homes pursuant to a one-use license to construct a house. After unsuccessfully attempting to negotiate a second license for the use of a Sorrell Homes design, defendants improperly copied the design plans and used them for the construction of a house at 4 Ridgeway Road in Wellesley, Massachusetts (the "Infringing House").

3. Before filing this copyright infringement suit on behalf of Sorrell Homes, I engaged in discussions with defendant Douglass Stiles and his former counsel, attorney Thomas

Grassia, to attempt to resolve the matter without formal litigation. Because the Infringing House had been listed for sale, and because damages in a copyright case can be tied to profits realized from the sale of an infringing work, discussions focused on the costs associated with the construction of the Infringing House. The issue was somewhat more complicated than usual because defendants purchased a lot with an existing house, moved the existing house to one half of the lot and constructed the Infringing House on the other half of the lot. My October 23, 2003 letter to Mr. Grassia, a true and accurate copy of which is attached to this affidavit as **Exhibit A**, identifies the issues associated with the necessary calculations. As set forth in the letter, we requested additional documentation of costs and made clear that we were not authorizing the sale of the infringing house.

4. After several months passed without receiving the requested cost information, Sorrell Homes commenced this action on February 6, 2004. In the prayer for relief in its Complaint, Sorrell Homes sought, *inter alia*, preliminary and permanent injunctive relief enjoining further acts of infringement, including the marketing or sale of the Infringing House; destruction of unauthorized copies of the protected architectural work; and damages, including any profits realized by defendants attributable to their acts of infringement.

5. Also in February 2004, Sorrell Homes moved for preliminary injunctive relief enjoining the defendants from marketing or selling the Infringing House unless and until the parties agree on the terms of a license authorizing the use of Sorrell Homes' copyrighted architectural work.

6. Sorrell Homes withdrew the preliminary injunction motion before it was acted upon by the Court and did not renew the motion based on defendants' agreement, made through its new counsel, Robert Carpenter (who accepted service of the Complaint and executed the

Waiver of Service forms filed with the Court), that defendants would not accept an offer for the Infringing House without providing adequate notice to allow Sorrell Homes to seek relief from the Court. A true and accurate copy of a letter from Mr. Carpenter confirming the agreement is attached to this affidavit as **Exhibit B**.

7. Following the filing of the Complaint, the parties continued to discuss possible resolution of the matter, with the Defendants agreeing to provide the cost data previously requested. Despite repeated representations over many months that the financial information was "nearly complete" and would be provided shortly, no such information ever was provided. True and accurate copies of e-mail correspondence between counsel regarding these discussions is attached to this affidavit as **Exhibit C**.

8. Although Defendants did not file an Answer to the Complaint, and although Mr. Carpenter represented that he would file an Answer (*see, e.g.*, May 3, 2004 e-mail in Exhibit C ("I am going to attend to the answer this week")), I agreed to not request entry of default while resolution discussions continued.

9. On November 2, 2004, I received a call from court clerk Elizabeth Smith, who indicated that the Court would issue a default if an Answer to the Complaint was not received soon. I agreed to, and did, pass that message along to Mr. Carpenter by telephone. By e-mail message dated November 3, 2004, a true and accurate copy of which is attached to this affidavit as **Exhibit D**, Mr. Carpenter indicated to me that he no longer would be representing the defendants and would pass along to Mr. Stiles the message from the Court about the need to file a responsive pleading.

4

10. Neither defendant is an infant nor, on information and belief, is either defendant incompetent or in the military, but rather are presently engaged in the business of real estate development in Massachusetts.

11. The taxable costs incurred to date by Sorrell Homes in this action are limited to the Complaint filing fee paid to the Court in the amount of $150.00.


I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746 THAT THE FOREGOING IS TRUE AND CORRECT.  SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 17th DAY OF FEBRUARY, 2005.


/s/ Joseph F. Hardcastle
Joseph F. Hardcastle