UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SORRELL HOMES, INC.,<br><br>                   Plaintiff,<br><br>   v.<br><br>DOUGLASS R. STILES CO. LLC, AND DOUGLASS R. STILES,<br><br>                  Defendants. | Civil Action<br>No. 04-CV10260 WGY |

## AFFIDAVIT OF JOSEPH F. HARDCASTLE

I, Joseph F. Hardcastle, state as follows under the pains and penalties of perjury:

1. I am an attorney at the law firm of Hardcastle & Shober, located in Boston, Massachusetts. I am counsel for plaintiff Sorrell Homes, Inc. ("Sorrell Homes") in this action and have personal knowledge of the matters set forth below except where expressly stated otherwise.

2. This action involves defendants' unauthorized infringement of Sorrell Homes' copyrighted architectural work by constructing a New England Gambrel style house located at 4 Ridgeway Road, Wellesley, Massachusetts (the "Infringing House").

3. On or about March 7, 2005, this Court entered Default Judgment in favor of Sorrell Homes that included an order that "Defendants be permanently enjoined from selling, leasing, renting, conveying, or using in any way the Infringing House unless and until authorized in writing by plaintiff to do so." *See*, Docket Entry 28.

4. After the Court entered the Default Judgment, it was brought to my attention that someone appeared to be living at the Infringing House. I looked into the matter and learned that a Jon and Deirdre Smirl apparently are living at the Infringing House and that there was a

telephone number listed in their name at the address of the Infringing House.  *See, e.g.*, Person Locator Database result attached to this affidavit as **Exhibit A** indicating that a 4 Ridgeway Road address for Jon D. Smirl was added to database in April 2005.

     5.     That someone other than defendant Douglass R. Stiles could be occupying the Infringing House was surprising to me because I understood from a mortgage recorded at the Norfolk County Registry of Deeds that Mr. Stiles had in October 2004 obtained a mortgage loan in the amount of $2 million that by its terms required the Infringing House to be owner-occupied.

     6.     Upon learning that the Smirls appeared to be occupying the Infringing House, I sent a letter to them in which I informed them of the injunction issued in this action and requested that they contact me so that I could learn the nature of their arrangement for occupying the Infringing House.

     7.     Subsequently, I received a telephone call from a person who identified himself as Jon Smirl and informed me (i) that he had leased the Infringing House, (ii) that the lease by its terms would not expire until January 2007, (iii) that defendant Douglass R. Stiles had requested that Mr. Smirl not provide me with a copy of the lease, (iv) that Mr. Stiles was aware of the injunction, and (v) that the house was not worth the approximately $2.5 million in debt secured by the house and Mr. Stiles expected that the bank probably would take the house at the end of the lease in any event.  Despite my repeated requests that I be provided with a copy of the lease in question, the person who identified himself as Jon Smirl refused to voluntarily provide a copy of the lease to me.

3

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746 THAT THE FOREGOING IS TRUE AND CORRECT.  SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 28th DAY OF DECEMBER, 2005.

                                                                    /s/ Joseph F. Hardcastle
                                                                    Joseph F. Hardcastle