UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SORRELL HOMES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOUGLASS R. STILES CO. LLC, AND )<br>DOUGLASS R. STILES, )<br>)<br>Defendants. )<br>) | Civil Action<br>No. 04-CV10260 WGY |

**MOTION OF THE DEFENDANT DOUGLASS R. STILES
TO VACATE OR MODIFY JUDGMENT**

Pursuant to Rule 60(b)(5) and 60(b)(6) of the Federal Rules of Civil Procedure, the defendant Douglass R. Stiles ("Stiles") hereby moves to vacate or modify the judgment entered in this matter by default. The judgment included a permanent injunction prohibiting Stiles from selling, leasing or conveying a home constructed by Stiles at 4 Ridgeway Road in Wellesley without the plaintiff's written consent. For the reasons set forth hereafter, it is no longer just that the injunction continue to restrain Stiles from selling the property because the rights of innocent third parties have been substantially infringed by the injunction and there is no profit to be derived from the sale of the property by Stiles.

As grounds for his motion, Stiles states as follows:

1.   This action was originally instituted by a an architect claiming that Stiles had used the architect's plans for the construction of a single-family home without his authority. The plaintiff alleged that Stiles had authority to use the plans only for the construction of one home

and that Stiles should have paid additional monies to the plaintiff to use the design on more than one occasion.

2.  At the time the suit was filed Stiles was in severe financial distress. He has defaulted on a number of his financial obligations, is presently in arrears on his obligation to make a property settlement payment to his former wife, and the property at issue in this case is the subject of foreclosure proceedings instituted by the mortgagee.

3.  Stiles was unable to engage counsel to represent him in the defense of this action because of his financial difficulties. In fact, he believed that he had a good defense because he had evidence that the plaintiff's plans were not original, but had in fact been misappropriated by the plaintiff from another architect or designer. In any event, Stiles allowed a default to be entered against him in this action.

4.  The plaintiff submitted a proposed form of judgment to the court, without any notice to Stiles, that contemplated the entry of a permanent injunction prohibiting Stiles from selling or conveying or in any way using the home that he constructed without the plaintiff's consent. A monetary judgment was also entered in the sum of only $150.00. Signficantly, the injunction sought was not relief requested in the complaint. The form of default judgment was entered by the clerk of the court. It is not clear from the docket whether this court ever reviewed or approved that form of judgment.

5.  An auction sale is presently scheduled by the mortgagee (Washington Mutual Bank) that holds a mortgage on the property. The outstanding indebtedness to the bank is approximately $2,200,000. The fair market value of the property is approximately $1,900,000. See Affidavit of Douglass R. Stiles and attached appraisal.

6.	Stiles has been in discussions with the current occupant of the premises about a possible sale of the property. The occupant has expressed an interest in purchasing the property for approximately $1,900,000. Stiles has been informed that this party has sought the consent of the plaintiff to such a sale and the plaintiff has refused that request.

7.	As a result of the terms of the injunction by this court, Stiles is prohibited from selling the property to this current occupant. If he is unable to complete the sale it is likely that the property will be sold at a great loss, causing significant damage to Stiles' credit standing and ultimately resulting in the current occupant having to vacate the premises and relocate his family.

8.	Rule 60(b) "allows a court to modify a consent decree or permanent injunction when . . . it is no longer equitable that the judgment should have prospective application . . . or for any other reason justifying relief from the operation of the judgment . . ." The rule permits revision of a judgment when a party seeking modification establishes that "a significant change in circumstances warrants revision of the decree. If the moving party meets this standard, the court should consider whether the proposed modification is suitable, tailored to the change circumstances." Langton v. Hogan, 1995 WL 96948 (Zobel, J) (D.Mass. 1995), quoting Rufo v. Inmates of Suffolk County Jail, 112 S. Ct. 748, 760 (1992). The First Circuit has stated that the court should look to the circumstances that led to the decree, the level of hardship on the burdened party, and the extent to which the change in circumstances falls outside of the circumstances extant at the time the judgment entered. The Paul Revere Variable Annuity Insurance Company v. Zang, 248 F.3d 1 (1st Cir. 2001).

9.	In this case it is important to note that the form of the default judgment proposed by the plaintiff goes beyond the relief that was requested in the complaint. Presumably, the

injunction was entered to deprive Stiles from profiting from the sale of the property, but the injunction was not tailored to deprive him of profit. Rather, the injunction is drafted as an absolute prohibition on the sale of the property without the plaintiff's consent. To the extent the injunction was intended to deprive Stiles of profit, it is undisputed that there is no profit to be realized from the sale of the property and in fact there will be a significant loss. Thus, the circumstances that existed at the time the judgment entered have changed significantly. There is also no doubt that the injunction presents a substantial risk of significant harm to innocent third parties. The lender has an opportunity to minimize the loss if Stiles is able to negotiate a sale of the property. The current occupants are at risk at having to relocate if the property is sold at auction to another party and the current occupants are prepared to pay what is indisputably a fair market price for the property.

10. Under these circumstances there is good cause to vacate or modify the default judgment so as to permit the sale of the property. Such an order modifying the injunction may be made upon the express condition that no part of the sale proceeds be paid to Stiles.

11. As the foreclosure sale is imminent, Stiles requests that this matter be heard on an expedited basis

By his attorneys,

 /s/ Peter S. Brooks
Peter S. Brooks (BBO No. 058980)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
(617) 946-4800

DATED: July 13, 2006

4

<u>Certificate of Service</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on  <u>July 14, 2006</u>.

<u>/s/  Peter S. Brooks</u>