UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SORRELL HOMES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| v. ) | No. 04-CV10260 WGY |
| ) | |
| DOUGLASS R. STILES CO. LLC, AND ) | |
| DOUGLASS R. STILES, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MOTION OF THE DEFENDANT DOUGLASS R. STILES
FOR THE COURT TO DETERMINE THE AMOUNT OF A ONE-TIME LICENSE FEE
OWED TO PLAINTIFF**

The defendant Douglass R. Stiles ("Stiles") hereby moves that the Court determine the amount of a one-time license fee owed to the plaintiff for the use of the plaintiff's architectural plans for the construction of a single-family home. Stiles further requests that the Court conduct an evidentiary hearing in making this determination. As grounds for his motion, Stiles states as follows:

1. This action was originally instituted by the plaintiff, an architectural firm, claiming that Stiles had used the plaintiff's plans for the construction of a single-family home without its authority. The plaintiff alleged that Stiles had authority to use the plans only for the construction of one home and that Stiles should have paid additional monies to the plaintiff to use the plan for the design of another single-family home in Wellesley, Massachusetts (the "property").

2. In its Complaint, the plaintiff requested, among other things, that Stiles be enjoined from selling the property, and that Stiles be enjoined from disbursing any proceeds from the sale of the property without Court approval.

3. After Stiles failed to respond to the Complaint, the plaintiff submitted a proposed form of default judgment to the Court that contemplated the entry of a permanent injunction prohibiting Stiles from selling or conveying or in any way using the property <u>without the plaintiff's consent</u>. Subsequently, the form of default judgment was entered by the clerk of the court.

4. After the plaintiff refused to give a potential buyer permission to purchase the property, and with a foreclosure sale imminent, Stiles moved to modify the injunction to permit the sale of the property to go forward on the condition that no part of the sale proceeds be paid to Stiles. After a hearing on the motion, the Court ordered the parties to exchange settlement offers in an effort to resolve the amount of the one-time license fee owed to the plaintiff for the use of the plans, otherwise, the Court would make its own determination.

5. Pursuant to the Court's order, in a letter dated October 30, 2006, Stiles offered to pay the plaintiff $1,000 dollars for the use of the plans. One-thousand dollars is a reasonable amount as it is the same amount that Stiles had previously paid to the plaintiff for the use of the same architectural plans in the construction of another home built by Stiles, and $1,000 is the same amount that the plaintiff has charged other clients for the use of the plans. A true and accurate copy of the letter dated October 30, 2006 is attached hereto at **Exhibit "A"**.

6. In a letter dated November 13, 2006, the plaintiff rejected Stiles' offer, stating that it did not view Stiles' offer as a sincere effort to resolve the matter. In addition, the plaintiff

failed to make a specific settlement demand or counterproposal to Stiles' offer, and inferred that it is seeking an amount in excess of $25,000 for the use of the plans. A true and accurate copy of the letter dated November 13, 2006 is attached hereto at **Exhibit "B"**.

7. In that the plaintiff has failed and refused to provide Stiles with a settlement demand, and that the plaintiff appears to be seeking an amount in excess of $25,000 for plans that the plaintiff previously licensed for $1,000, the parties will not be able to agree on a reasonable one-time license fee for the use of the plans.

8. Accordingly, Stiles requests that the Court determine the amount of the one-time license fee owed to the plaintiff for the use of its plans and, if necessary, hold an evidentiary hearing on this issue.

DOUGLASS R. STILES

By his attorneys,

 /s/ Peter S. Brooks
Peter S. Brooks (BBO No. 058980)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
DATED: November 30, 2006    (617) 946-4800

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on  November 30, 2006.

/s/  Peter S. Brooks

3