UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SORRELL HOMES, INC.,<br><br>                          Plaintiff,<br><br>    v.<br><br>DOUGLASS R. STILES CO. LLC AND<br>DOUGLASS R. STILES,<br><br>                        Defendants. | Civil Action<br>No. 04-CV10260 WGY |

**PLAINTIFF'S MOTION FOR RECONSIDERATION AND MODIFICATION OF ORDER REGARDING PERMANENT INJUNCTION**

Plaintiff Sorrell Homes, Inc. ("Sorrell Homes") respectfully requests that the Court reconsider and modify its Order dated January 16, 2007. Because, as discussed below, Sorrell Homes is entitled as a matter of law to injunctive relief to prevent further acts of infringement of its copyrighted work, including infringement of its exclusive right to sell or "vend" copies of its work, the Court should not have modified the permanent injunction issued in this case to permit sale of the infringing house over the objection of Sorrell Homes. However, notwithstanding its view that it is entitled to the permanent injunction made part of the Judgment issued in this case, Sorrell Homes appreciates and shares the Court's concern that an equitable and practical resolution to the matter be found. Accordingly, Sorrell Homes would assent to a modification of the January 16, 2007 Order that would both (i) increase the required payment to the amount Sorrell Homes insisted on as the price when defendants inquired about using Sorrell Homes plans before defendants opted to use the plans without authorization, and (ii) establish a process and discovery requirements in connection with Sorrell Homes' inquiry into potential profit realized by defendants.

At the evidentiary hearing held on defendants' motion for the Court to establish a license fee for defendants' use of Sorrell Homes' copyrighted architectural work, Sorrell Homes objected to any modification of the permanent injunction issued and objected to the Court permitting a sale of the infringing house without Sorrell Homes' authorization.  The Copyright Act provides the owner of a copyright certain exclusive rights, including the right to distribute copies of the copyrighted work "by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. §106(c).  Defendants committed an act of infringement by constructing a house from Sorrell Homes' copyrighted design without permission.  Any subsequent sale of the house would constitute a further act of infringement on Sorrell Homes' exclusive right to "vend" copies of its work.  The prospect of such a further act of infringement <u>entitles</u> Sorrell Homes to the permanent injunction it obtained.  *See Walt Disney Co.* v. *Powell*, 897 F.2d 565, 567-68 (D.C. Cir. 1990) ("[w]hen a copyright plaintiff has established a threat of continuing infringement, he is *entitled* to an injunction") (emphasis in original).

Notwithstanding what it believes to be its clear legal right to injunctive relief, Sorrell Homes believes that the conceptual construct of the Court's Order, *i.e.*, payment of a fee for use of the plans plus the opportunity to pursue profits, is a fair and equitable alternative to the injunctive relief that had been in place.  It does, however, believe that the amount of the required payment specified in the Order is inappropriate and effectively rewards the defendants for their misappropriation of the Sorrell Homes plans.  As Mr. Sorrell testified at the evidentiary hearing, when defendants inquired into use of his plans before they chose to use Sorrell Homes plans without permission, Mr. Sorrell insisted on a license fee of 3% of the sale price of the constructed home.  That amount, accepting Mr. Stiles' representation that he has a buyer at the price of $1,900,000.00 would be $57,000.00.  To allow defendants now to pay less would

effectively reward and justify Mr. Stiles' decision to not pay the price set by the owner and to instead simply use the plans without permission.  Mr. Sorrell had the right to set the price for his plans.  If Mr. Stiles found the price unacceptable he should have gone elsewhere.  To allow him to now pay less than the price set by Sorrell Homes, after being found liable for copyright infringement, sets a troubling precedent.  Sorrell Homes therefore requests that the Court change the $27,500 amount in the Order to $57,000.

Sorrell Homes also requests that, in connection with the Court's reference in the Order to further proceedings regarding the profits, the Court modify the Order to (i) require defendants to provide Sorrell Homes with an accounting of the costs associated with construction of the subject house within 30 days, and (ii) authorize Sorrell Homes to conduct further discovery regarding profits if it deems such discovery necessary following receipt of the accounting.  That would serve to eliminate any potential disagreement between the parties regarding the scope of the further proceedings referenced in the Order and ensure an expeditious final resolution of the matter.

## Conclusion.

For the reasons set forth above, Sorrell Homes respectfully requests that the Court's January 16, 2007 Order be reconsidered and modified as requested.

SORRELL HOMES, INC.

By its attorney,

/s/ Joseph F. Hardcastle
Joseph F. Hardcastle (BBO# 559479)
HARDCASTLE & SHOBER
50 Congress Street, Suite 314
Boston, MA  02109
(617) 248-2240
jfh@hardcastleshober.com

January 19, 2007

3

<u>Certificate of Service</u>

I hereby certify that this document has been filed through the ECF system, which will send notification of such filing to the attorney of record in this matter for defendants.

/s/ Joseph F. Hardcastle
Joseph F. Hardcastle (BBO #559479)
50 Congress Street, Suite 314
Boston, MA 02109
(617) 248-2240
jfh@hardcastleshober.com

<u>Local Rule 7.1(A)(2) Certificate</u>

    I hereby certify that on January 19, 2007, I attempted to confer with defendants' counsel, Peter Brooks, Esq., who was not available, and did confer with his colleague Todd M. McGrath, Esq., who has been involved in this case, and attempted in good faith to resolve or narrow the issues in this matter.

    Signed under the pains and penalties of perjury this 19th day of January, 2007.

                                             /s/ Joseph F. Hardcastle