**SINGLE FAMILY DWELLING LEASE**
(with tax escalator clause)

FOR RESIDENTIAL PROPERTY CONSTRUCTED
PRIOR TO 1978 TENANT(S) MUST ALSO SIGN A
"TENANT LEAD LAW CERTIFICATION FORM"

From the Office of:
Hammond Res RE GMAC
617 731 9316

Date: October 27th 20 04

In consideration of the mutual promises, obligations and agreements herein set forth, the parties hereto agree as follows:

**1. PARTIES**

Douglass R Stiles CO LLC     66 Draper Road     508 887 5122
(Name)     (Address)     (Telephone No.)

Wayland, MA 01778

hereinafter called "Landlord", hereby leases to

Deirdre and Jon Smirl, jointly and severally     617 549 8945
(Name)     (Address)     (Telephone No.)

7 Patrick Drive, PO Box 16, Northboro, Ma. 01532
hereinafter called "Tenant", and Tenant hereby hires from Landlord, the Leased Premises described in Paragraph 2.

**2. LEASED PREMISES**

The Leased Premises consist of the land and the buildings thereon now known as and numbered

4 Ridgeway Road
(Street)

Wellesley , Massachusetts 02493
(City or Town)     (Zip Code)

**3. TERM** This Lease shall be for a term of thirteen months, beginning on See addendum , 20 04 and ending on _____, 20 05.

**4. RENT** Tenant agrees to pay rent to Landlord at the rate of Six Thousand
($ 6,000 ) per month on the First day of each and every month in advance so long as this Lease is in force and effect. All rent shall be paid to Landlord by check mailed to the address of Landlord set forth above, or as otherwise directed in writing by Landlord.

**5. REAL ESTATE TAXES** (Fill in Applicable fiscal tax periods) If in any real estate fiscal tax year starting with the real estate fiscal tax year beginning July 1, NA , the real estate taxes on the Leased Premises (which specifically includes both the land and the building), are in excess of the amount of such taxes for the real estate fiscal tax year beginning July 1, NA , then Tenant agrees to pay to Landlord, as additional rent, when billed by Landlord, One Hundred percent (100%) of such excess that may occur in each year of the Term of this Lease, apportioned for any fraction of a tax year in which the Term of this Lease begins or ends. In accordance with Massachusetts law, it is expressly understood and agreed that Tenant shall be obligated to pay only that proportion of such increased tax as the unit leased by him bears to the whole of the real estate so taxed [i.e., 100%], and that if Landlord obtains an abatement of the real estate tax levied on the whole of the real estate of which the unit leased by Tenant is a part [i.e., the Leased Premises], a proportionate share of such abatement, less reasonable attorney's fees, if any, shall be refunded to Tenant.

**6. CLEANLINESS** Tenant shall keep the Leased Premises in a clean condition. Tenant shall be responsible for the proper storage and the final collection or ultimate disposal of all garbage and rubbish, all in accordance with the regular municipal collection system. Tenant shall not permit the Leased Premises to be overloaded, damaged, stripped or defaced, nor suffer any waste, and shall obtain the written consent of Landlord before erecting any sign on the Leased Premises. The toilets and pipes shall not be used for any purpose other than those for which they were constructed.

**7. PETS** No dogs, birds or other animals or pets shall be kept in or upon the Leased Premises without Landlord's prior written consent obtained in each instance.

**8. GROUNDS** Tenant shall be responsible for normal grounds maintenance during the Term of this lease. Without limiting the generality of the foregoing language, Tenant shall promptly remove snow and ice from the driveway, walks and steps of the Leased Premises, and shall keep the lawn and all shrubbery neatly trimmed, healthy and of good appearance.

See Addendum

COPYRIGHT© 1978
GREATER BOSTON REAL ESTATE BOARD
FN:R3586

EQUAL HOUSING OPPORTUNITY

All rights reserved. This form may not be copied or reproduced in whole or in part in any manner whatsoever without the prior express written consent of the Greater Boston Real Estate Board.

e-FORMS

| | |
|---|---|
| **INSURANCE** | Tenant understands and agrees that it shall be the Tenant's own obligation to insure the Tenant's personal property. |
| **10. COMPLIANCE WITH LAWS** | Tenant shall not make or permit any use of the Leased Premises which will be unlawful, improper, or contrary to any applicable law or municipal ordinance (including without limitation all zoning, building or sanitary statutes, codes, rules, regulations, or ordinances), or which will make voidable or increase the cost of any insurance maintained on the Leased Premises by Landlord. |
| **11. ADDITIONS OR ALTERATIONS** | Tenant shall not make any additions or alterations to the Leased Premises without Landlord's prior written consent obtained in each instance. Any alterations or additions made by Tenant at the Tenant's expense may be removed by Tenant at or prior to the termination of this Lease, provided that Tenant is not in default under this Lease, and provided further that Tenant repair any resulting injury to the Leased Premises and restore the Leased Premises to their former condition. |
| **13. SUBLETTING, NUMBER OF OCCUPANTS** | Tenant shall not assign or sublet any part or the whole of the Leased Premises, nor shall the Tenant permit the Leased Premises to be occupied for a period longer than a temporary visit by any one except the individuals specifically named in the first paragraph of this Lease, their spouses, and any children born to them during the Term of this Lease, or any extension or renewal thereof, without first obtaining on each occasion the consent in writing of Landlord. Notwithstanding any such consent, Tenant shall remain unconditionally and principally liable to Landlord for the payment of all rent and for the full performance of the covenants and conditions of this Lease. |
| **13. UTILITIES** | Tenant shall promptly pay all bills for water, sewer, fuel, heat, electricity, gas, telephone and other utilities furnished to the Leased Premises during the Term of this Lease, and shall keep the Leased Premises adequately heated during the normal heating season. Upon request of Landlord, Tenant shall promptly deliver adequate proof of the payment of utility bills to Landlord. Landlord and Tenant understand and acknowledge that the following utility equipment has been rented or purchased on credit by Landlord: <br><br> and Tenant agrees to pay the sum of $ __n/a__ per month directly to __n/a__ for use of such equipment during the Term of this Lease and if Tenant shall fail to pay such sums as set forth herein, then Landlord may pay such sums for the account of Tenant and Tenant shall reimburse Landlord therefor upon demand, as additional rent. |
| **14. ENTRY** | Tenant shall permit Landlord to enter the Leased Premises prior to the termination of this Lease to inspect the same, to make repairs thereto (although nothing contained in this Paragraph shall be construed to require Landlord to make any such repairs), or to show the same to prospective tenants, purchasers, or mortgagees. Landlord shall also be entitled to enter the Leased Premises if they appear to have been abandoned by Tenant or otherwise, as permitted by law. Any person entitled to enter the Leased Premises in accordance with this Paragraph may do so through his duly-authorized representative. Wherever possible, Tenant shall be informed in advance of any proposed entry hereunder. At any time within three (3) months before the expiration of the Term of this Lease, Landlord may affix to any suitable part of the Leased Premises a notice for letting or selling the same and keep such notice so affixed without hindrance or molestation. *Entry for showings needs prior approval and will be limited.* |
| **15. KEYS AND LOCKS** | Locks shall not be changed, altered, or replaced nor shall new locks be added by Tenant without the written permission of Landlord. Any locks so permitted to be installed shall become the property of Landlord and shall not be removed by Tenant. Tenant shall promptly give a duplicate key to any such changed, altered, replaced or new lock to Landlord, and upon termination of this Lease, Tenant shall deliver all keys to the Leased Premises to Landlord. |
| **16. REPAIRS** | Subject to applicable law, Tenant shall keep and maintain the Leased Premises and all equipment and fixtures thereon or used therewith repaired, whole and of the same kind, quality and description and in such good repair, order and condition as the same are at the beginning of the Term of this Lease or may be put in thereafter, reasonable and ordinary wear and tear and damage by fire and other unavoidable casualty only excepted. If Tenant fails within a reasonable time to make such repairs, or makes them improperly, then and in any such event or events, Landlord may (but shall not be obligated to) make such repairs and Tenant shall reimburse Landlord for the reasonable cost of such repairs in full, as additional rent, upon demand. |
| **17. LOSS OR DAMAGE** | Tenant shall indemnify Landlord against all liabilities, damages and other expenses, including reasonable attorney's fees, which may be imposed upon, incurred by, or asserted against Landlord by reason of (a) any failure on the part of Tenant to perform or comply with any covenant required to be performed or complied with by Tenant under this Lease, or (b) any injury to person or loss of or damage to property sustained or occurring on the Leased Premises on account of or based upon the act, omission, fault, negligence or misconduct of any person whomsoever other than Landlord. |
| **18. EMINENT DOMAIN** | If the Leased Premises or any part thereof, shall be taken for any purpose by exercise of the power of eminent domain or condemnation or shall receive any direct or consequential damage for which Landlord or Tenant shall be entitled to compensation by reason of anything lawfully done in pursuance of any public authority, then this Lease shall terminate at the option of Landlord or Tenant; and such option may be exercised in case of any such taking, notwithstanding that the entire interest of Landlord may have been divested by such taking. If this Lease is not so terminated, then in case of any such taking of the Leased Premises rendering the same or any part thereof unfit for use and occupancy, a just and proportionate abatement of rent shall be made. Any termination of this Lease pursuant to this Paragraph shall be effective as of the date on which Tenant is required by the taking authority to vacate the Leased Premises or any part thereof, provided however that Landlord shall have the option to make such termination effective upon, or at any time following, the date on which said taking becomes legally effective. |

e-FORMS

ALL RIGHTS RESERVED. GREATER BOSTON REAL ESTATE BOARD.

07/05/2006  09:50  15083580846  WAYLAND PACK @ SHIP  6175498945  PAGE 06  p. 2

FIRE, OTHER CASUALTY
Should a substantial portion of the Leased Premises be substantially damaged by fire or other casualty, Landlord may elect to terminate this Lease. When such fire, casualty, or taking renders the Leased Premises or any part thereof unfit for use and occupancy, a just and proportionate abatement of rent shall be made, and Tenant may elect to terminate this Lease if Landlord fails to give written notice within thirty (30) days after said fire or other casualty of his intention to restore Leased Premises, or if Landlord fails to restore the Leased Premises to a condition substantially suitable for use and occupancy within ninety (90) days after said fire or other casualty, provided however that nothing contained in this Paragraph shall be construed to require Landlord to make such restoration.

20. DEFAULT
If Tenant shall fail to comply with any lawful term, condition, covenant, obligation, or agreement expressed herein or implied hereunder, or if a petition in bankruptcy has been filed by or against Tenant or if Tenant shall be adjudicated bankrupt or insolvent according to law or if any assignment of Tenant's property shall be made for the benefit of creditors, or if the Leased Premises appear to be abandoned, then, and in any of the said cases and notwithstanding any license or waiver of any prior breach of any of the said terms, conditions, covenants, obligations, or agreements, the Landlord without necessity or requirement of making any entry may (subject to the Tenant's rights under applicable law) terminate this Lease by:

    1. a seven (7) day written notice to Tenant to vacate the Leased Premises in case of any breach except only for non-payment of rent, or
    2. a fourteen (14) day written notice to Tenant to vacate the Leased Premises upon the neglect or refusal of Tenant to pay the rent as herein provided.

Any termination under this section shall be without prejudice to any remedies which might otherwise be used for arrears of rent or proceeding breach of any of the said terms, conditions, covenants, obligations or agreements.

21. COVENANTS IN EVENT OF TERMINATION
Tenant covenants that in case of any termination of this Lease, by reason of the default of Tenant, then:

    A. Tenant will forthwith pay to Landlord as damages hereunder a sum equal to the amount by which the rent and other payments called for hereunder for the remainder of the Term or any extension or renewal thereof exceed the fair rental value of said Leased Premises for the remainder of the Term or any extension or renewal thereof; and

    B. Tenant covenants that he will furthermore indemnify Landlord from and against any loss and damage sustained by reason of any termination caused by the default of, or the breach by, Tenant. Landlord's damages hereunder shall include, but shall not be limited to, any loss of rents, accrued but unpaid prior to termination; reasonable broker's commission for the re-letting of the Leased Premises; advertising costs; the reasonable cost incurred in cleaning and repainting the Leased Premises in order to re-let the same and moving and storage charges incurred by Landlord in moving Tenant's belongings pursuant to eviction proceedings.

    C. At the option of Landlord, however, Landlord's cause of action under this Section shall accrue when a new tenancy or lease Term first commences subsequent to a termination under this Lease, in which event Landlord's damages shall be limited to any and all damages sustained by him prior to said new tenancy or lease date.

Landlord shall also be entitled to any and all other remedies provided by law. All rights and remedies are to be cumulative and not exclusive.

22. SURRENDER
Upon the termination of this Lease, Tenant shall deliver up the Leased Premises in as good order and condition as the same were in at the commencement of the Term, reasonable and ordinary wear and tear and damage by fire and other unavoidable casualty only excepted. Neither the vacating of the Leased Premises by Tenant, nor the delivery of keys to Landlord shall be deemed a surrender or an acceptance of surrender of the Leased Premises, unless so stipulated in writing by Landlord.

23. ATTACHED FORMS
The forms, if any, attached hereto are incorporated herein by reference.

Addendum, Apartment Condition Statement, Rent and Security Deposit Form.

24. NOTICES
Notice from one party to the other shall be deemed to have been properly given if mailed by registered or certified mail, postage prepaid, return receipt requested, to the other party (a) in the case of Landlord, at the address set forth in the first paragraph in this agreement or any other address of which Tenant has been notified, and (b) in the case of Tenant, at the Leased Premises, or if said notice is delivered or left in or on any part thereof, provided that there is actual or presumptive evidence that the other party or someone on his behalf received said notice. Notwithstanding the foregoing, notice by either party to the other shall be deemed adequate if given in any other manner provided or recognized by law.

25. LIABILITY
In the event that Landlord is a trustee or partner, no such trustee or partner nor any beneficiary nor any shareholder of said trust nor any partner of such partnership shall be personally liable to anyone under any term, condition, obligation or agreement expressed herein or implied hereunder or for any claim of damage or cause at law or in equity arising out of the occupancy of the Leased Premises, the use or maintenance of said building or its approaches and equipment.

26. DEFINITIONS
The words "Landlord" and "Tenant" as used herein shall include their respective heirs, legatees, devisees, executors, administrators, successors, personal representatives and assigns; and the words "he", "his", and "him", where applicable shall apply to Landlord or Tenant regardless of sex, number, corporate entity, trust or other body. If more than one party signs as Landlord or Tenant hereunder, the conditions and agreements herein of Landlord or Tenant shall be joint and several obligations of each such party.

e-FORMS

ALL RIGHTS RESERVED. GREATER BOSTON REAL ESTATE BOARD.

| | |
|---|---|
| WAIVER | The waiver of one breach of any term, condition, covenant, obligation, or agreement of this Lease shall not be considered to be a waiver of that or any other term, condition, covenant, obligation, or agreement or of any subsequent breach thereof. |
| 28. SEPARABILITY CLAUSE | If any provision of this Lease or portion of such provision or the application thereof to any person or circumstance is held invalid, the remainder of the lease (or the remainder of such provision) and the application thereof to other persons or circumstances shall not be affected thereby. |
| 29. ADDITIONAL PROVISIONS | See Attached Addendum |

EXECUTED as an instrument under seal in duplicate on the day and date first written above, and Tenant as an individual states under penalty of perjury that he is at least eighteen (18) years of age.

Witness _____   Landlord _____ with Douglas R - Stiles Co. LLC
                                  Landlord Doug Stiles Co LLC.

Witness _____   Landlord _____

Witness _____   Tenant Deirdre Smirl

Witness _____   Tenant Jon Smirl

**TENANT: REMEMBER TO OBTAIN A SIGNED COPY OF THIS LEASE.**

GUARANTEE: In consideration of the execution of the within Lease by Landlord at the request of the undersigned and of one dollar paid to the undersigned by Landlord, the undersigned hereby, jointly and severally, guarantee to Landlord, and the heirs, successors, and assigns of Landlord, the punctual performance by Tenant and the legal representatives, successors, and assigns of Tenant of all the terms, conditions, covenants, obligations and agreements in said Lease on Tenant's or their part to be performed or observed, demand and notice of default being hereby waived. The undersigned waive all suretyship defenses and defenses in the nature thereof and assent to any and all extensions and postponements of the time of payment and all other indulgences and forbearances which may be granted from time to time to Tenant.

WITNESS the execution hereof under seal by the undersigned the day and year first written in said Lease.

_____    _____

_____    _____

e-FORMS

ALL RIGHTS RESERVED. GREATER BOSTON REAL ESTATE BOARD.

**Addendum to Lease, 4 Ridgeway Road, Wellesley, Ma. 02493**
Landlord: Douglass R. Stiles Co. LLC
Tenant:    Jon and Dierdre Smirl
Date:      October 27, 2004

Additional Provisions:
2a. Lease Length: Lease is for thirteen (13) months, commencing on the date of occupancy by Tenants. *— No later than November 15, 2004.* On the date that occupancy is taken by the Tenants, a one page addendum will be attached to this lease for signature by both parties, stating the actual occupancy date and the date of termination at the end of the 13th month.
2b. Option to Renew: Tenant may, with 60 days notice before the termination of this lease, exercise an option to renew the lease for an additional 12 months at the same rent. *($6000.)* If Tenant does not exercise the option to renew lease, the lease will be terminated as stated above, at the end of the 13th month.
2c. Utilities: Tenant is responsible for arranging for and paying heat, hot water, gas, electricity, telephone, and if used, Cable TV service. Tenant is responsible for garbage collection.
2d. Realtor Fee: At the execution of this lease and upon occupancy by Tenant, Tenant agrees to pay. Hammond Residential R.E.GMAC a rental fee of $3000. and Coldwell Banker Residential Brokerage a rental fee of $3000. *— Landlord will pay*
2e. Non-smoking: Tenant acknowledges that this is a non-smoking property.
2f. Deposits/Payments: At the execution of an original lease dated August 15, 2004, Tenant paid Landlord $6,000. representing a security deposit which was placed by Landlord in an interest bearing escrow account. ~~In consideration for reducing monthly rent from $6800. to $6000.~~ Tenant has paid Landlord thirteen months rent in advance ($78,000.), as of 10/27/04.
2g. Landscaping, gardening/Snow Removal: Landlord is responsible for landscaping and gardening, including keeping the lawn and of good appearance. Tenant is responsible for snow removal.
2h. Cleaning: Landlord agrees to have leased premises delivered in standards of cleanliness consistent with professional cleaning. At the end of their tenancy, Tenant agrees to leave leased premises in same standards of cleaning that it was received in.
2i. Renter's Insurance: Tenant agrees to obtain renter's insurance.
2j. Blinds and Appliances: Landlord agrees to install blinds for the windows, a clothes washer and dryer, and a refrigerator (Sub Zero) prior to occupancy by Tenants.

Signed: _Deirdre Smirl_    10-27-04
Tenant, Deirdre Smirl            Date

_Jon Smirl_                     _10/27/04_
Tenant, Jon Smirl                Date

_Douglass R. Stiles_
Landlord, Douglass R. Stiles, Manager, Douglass R. Stiles Co. LLC    Date

Addendum to Lease

4 Ridgeway Road
Wellesley
Ma. 02493

Landlord: Douglass R. Stiles Co LLC
Tenant:   Deirdre and Jon Smirl
Date:     November 11, 2004

Pursuant to lease dated October 27, 2004, official occupancy date is November 15, 2004. Lease commences November 15, 2004 and ends December 14, 2005. All other terms and conditions of the original lease remain in effect.

Signed: _____ msa Dstiles a. ue _____
Landlord                          Date

_____C. Smirl_____  11/11/04
Tenant              Date

_____Deirdre Smirl_____  11/11/04
Tenant              Date

Addendum to Lease

4 Ridgeway Road
Wellesley
Ma. 02493

Landlord: Douglass R. Stiles Co LLC
Tenant: Deirdre and Jon Smirl
Date: November 11, 2004

Pursuant to lease dated October 27, 2004, official occupancy date is November 15, 2004. Lease commences November 15, 2004 and ends December 14, 2005. All other terms and conditions of the original lease remain in effect.

Signed: _____

Landlord                    Date

_____

Tenant                      Date    11/11/04

_____

Tenant                      Date    11/11/04

Additional Notes to the Lease

On December 15, 2005 the Smirls elected to exercise their option to extend the lease for a second term. The extension was paid for twelve months in advance, at six thousand per month, for a total of $72,000. In exchange for the prepayment the lease term was extended to January 15, 2007.

Since the Smirls now have multiple small children, it was agreed that no showings of the premises for any purposes are allowed without first obtaining permission from the Smirls.